IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN BLAKE STILL,

    Defendant.

Case No. 21-CR-53-GKF

**OPINION AND ORDER**

Before the court is the defendant's Motion to Dismiss the Indictment. [Doc. 19]. For the reasons set forth below, the motion is denied.

**I. Background**

On July 25, 2013, defendant Ryan Still pleaded guilty to rape in the second degree, in violation of 21 Okla. Stat. § 1116. [Doc. 19-1, p. 9 (*State of Oklahoma v. Ryan Blake Still*, No. CF-2012-359 (Dist. Ct. Creek (Bristow) Cnty. July 25, 2013))].[1] The District Court in and for Creek (Bristow) County, Oklahoma accepted Mr. Still's guilty plea and entered judgment. [*Id.*, at pp. 9-11].

On February 22, 2021, a federal grand jury returned an indictment charging the defendant with one count of Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). [Doc. 2]. The indictment alleges as follows:

> Between on or about October 3, 2020, and the date of this Indictment, in the Northern District of Oklahoma, the defendant, RYAN BLAKE STILL, an individual required to register under the Sex Offender Registration and Notification Act, and who entered, left, and resided within Indian Country, did knowingly fail to register and update his registration.

---

[1] A court may take judicial notice of docket information and records from another court. *See United States v. Leal*, 921 F.3d 951, 963 n. 10 (10th Cir. 2019).

All in violation of Title 18, United States Code, Section 2250(a).

Two months later, on April 27, 2021, the District Court in and for Creek (Bristow) County vacated Mr. Still's 2013 state court rape conviction in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). [Doc. 19-2 (*State of Oklahoma v. Ryan Blake Still*, No. CF-2012-359 (Dist. Ct. Creek (Bristow) Cnty. April 27, 2021))]. The state court found that Mr. Still "has some quantum of Indian blood" and is a member of the Cherokee Nation, a Federally-recognized Indian tribe. [*Id.*, p. 2]. The state court further found that the acts occurred in Indian Country. [*Id.*]. Based on these findings, the state court concluded it lacked jurisdiction and vacated Mr. Still's conviction. [*Id.*, p. 3].

The defendant now moves this court to dismiss the federal indictment because the state court lacked subject matter jurisdiction to prosecute Mr. Still for rape, as evidenced by the vacation of his conviction. The plaintiff urges the court to deny the motion because Still was a convicted sex offender with a duty to register under SORNA during the charged time frame.

## II. Analysis

Congress passed the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. §§ 20901 *et seq.*, to "make more uniform what had remained a patchwork of federal and 50 individual state registration systems, with loopholes and deficiencies that had resulted in an estimated 100,000 sex offenders becoming missing or lost." *Nichols v. United States*, 136 S. Ct. 1113, 1119 (2016). SORNA requires a "sex offender" to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). SORNA defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1).

The defendant's motion presents an important question in light of *McGirt*: what happens when a sex offense conviction is later vacated? Defendant argues that, because the conviction is

treated as a nullity, it can never trigger SORNA's registration requirements. In the plaintiff's view, however, an individual convicted of a sex offense must comply with SORNA until the conviction is vacated.

Only one circuit court has addressed this issue.[2] In *United States v. Roberson*, 752 F.3d 517 (1st Cir. 2014), defendant James Roberson was charged with failure to register as a sex offender under SORNA. At the time of the federal indictment, Roberson stood convicted of the Massachusetts crime of indecent assault and battery on a child under the age of 14. *Id.* at 519. Four months after the federal indictment, Roberson successfully moved to withdraw his guilty plea to the state sex crime because it had been entered following a constitutionally defective procedure. Roberson then moved to dismiss his federal charge, arguing he no longer had a predicate sex offense to support a SORNA violation. The First Circuit upheld the district court's denial of Roberson's motion, holding that "SORNA's registration requirement applied to Roberson as a person who 'was convicted' of a sex offense, regardless of whether that conviction is later vacated, when federal charges have been brought for conduct before the vacation of conviction." *Id.* (internal citation omitted).

In its analysis, the First Circuit looked to *Lewis v. United States*, 445 U.S. 55 (1980). In *Lewis*, the Supreme Court interpreted statutory language forbidding a person who "has been convicted by a court of the United States or of a State . . . of a felony" from knowingly receiving and possessing a firearm. *Id.* at 60. The defendant argued his firearm charge could not be predicated on a constitutionally-deficient state conviction. *Id.* at 57. The Supreme Court disagreed, holding

---

[2] The Second Circuit and the Ninth Circuit have determined that SORNA does not permit defendants to collaterally attack their predicate convictions. *United States v. Diaz*, 967 F.3d 107, 109 (2d Cir. 2020); *United States v. Delgado*, 592 F. App'x 602, 603 (9th Cir. 2015) (unpublished). But the issue here is distinct—the defendant has already obtained relief in state court; he does not seek to collaterally attack his state conviction.

the firearm statute "prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Id.* at 65. The Supreme Court noted that the statute contained "[n]o modifier" and "nothing suggests any restriction on the scope of the term 'convicted.'" *Id.* at 60. Further, the Court observed: "The statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action. . . ." *Id.* at 60-61.

The First Circuit noted that the statute at issue in *Lewis* has "almost identical language" to SORNA and is a part of a "similar regulatory system." *Roberson*, 752 F.3d at 521-22. In addition, "SORNA has exceptions to its coverage," like the firearms statute in *Lewis. Id.* at 523. "But none of the exceptions is for a later vacated conviction." *Id.* "This analysis also involves the two considerations utilized by the *Lewis* court: when Congress has provided limited exceptions within the same statute, courts will not read in additional exceptions. And that conclusion is only strengthened by the existence of other statutes that show Congress knew how to create such an exception when it wished to do so." *Id.* (internal citations omitted). For example, the Supreme Court in *Lewis* contrasted the federal firearm statute at issue "with other federal statutes that explicitly permit a defendant to challenge, by way of defense, the validity or constitutionality of the predicate felony." *Lewis*, 445 U.S. at 62. "Using the same mode of analysis as *Lewis*," the First Circuit concluded that SORNA's "language is plain." *Id.* at 522. "The term 'was convicted' refers to the fact of conviction and does not refer just to a 'valid' conviction." *Id.*

Much like the First Circuit, in looking to federal firearms statutes referring to those "convicted" of a crime, the Tenth Circuit has adopted the rule that "once one is convicted of a

felony he is within the proscription against possession of firearms until that prior conviction is *actually* overturned or expunged." *Barker v. United States*, 579 F.2d 1219, 1226 (10th Cir. 1978).

The same is true with SORNA—the plain language of the statute imposes a registration requirement unambiguously on "an individual who *was convicted* of a sex offense." 34 U.S.C. § 20911(1) (emphasis added); 34 U.S.C. § 20913(a). No modifier is present and nothing suggests a restriction on the scope of the term "was convicted." The statutory language is sweeping, and its plain meaning is that the fact of a sex offense conviction subjects an individual to SORNA's registration requirements until the conviction is vacated.

The defendant disagrees, arguing that "[b]y voiding the conviction, the district court's order voided all state court proceedings relating back to the entry of the judgment of conviction." [Doc. 19, pp. 3-4]. As a result, at the time of the charged conduct, there was no sex offense conviction. In support, the defendant points to *United States v. Magnan*, 622 F. App'x 719 (10th Cir. 2015) (unpublished). In that case, the Tenth Circuit applied the general rule that "[u]nlike an order vacating a judgment, a decision holding that a court lacked jurisdiction voids each and every action taken in the case." *Id.* at 723. The Tenth Circuit concluded that "if a trial court is held to have lacked jurisdiction, a plea entered before it is invalidated. Under these circumstances, the plea must be treated as 'withdrawn.'" *Id.* at 724. However, that general rule does not apply in all contexts. As the Tenth Circuit has explained with respect to firearms statutes, "[w]hile for most purposes the law ignores a void conviction, the federal firearms statutes represent a considered and deliberate exception to this inasmuch as they require that the conviction be declared void before a firearm is purchased." *United States v. Mayfield*, 810 F.2d 943, 946 (10th Cir. 1987).

In *United States v. Mayfield*, defendant William Mayfield was charged with various federal firearms violations. An essential element of each violation "was the fact that prior to purchasing

5

firearms the defendant had been convicted of felony theft by deception in Cowley County, Kansas." 810 F.2d at 944. The defendant argued to the district court "that the Kansas conviction was void from its inception." *Id.* The district court agreed, finding that the state court lacked jurisdiction to convict Mayfield because Mayfield was only seventeen (17) when he committed the offense and the Kansas court failed to follow the proper juvenile procedures. *Id.* The district court further concluded "that since the state court lacked jurisdiction, the conviction was void *ab initio* and could not constitute the predicate offense for the subsequent federal firearms violation." *Id.* In so holding, the district court distinguished *Lewis* because "a conviction that is *invalid* due to a constitutional infirmity is 'clearly distinguishable' from a conviction that is *void* due to lack of jurisdiction." *Id.* at 945 (emphasis original). The Tenth Circuit rejected that distinction.

As the Tenth Circuit explained, "[n]othing in the *Lewis* decision suggests that the Court intended to recognize a distinction between 'invalid' and 'void' convictions." *Id.* The Tenth Circuit went on:

> The greatest problem with the district court's reasoning, however, is its conclusion that, because the state court lacked jurisdiction, Mayfield's conviction is and always has been void. This conclusion ignores the fact that the issue of whether a court has proper jurisdiction is a legal one and, hence, no conviction is "void from its inception" for lack of jurisdiction until a court with review authority has so declared. While Mayfield's prior conviction became void when the federal district court [determined the state court lacked jurisdiction], it was not void when Mayfield allegedly purchased the weapons. Mayfield was, at that time, a convicted felon. As such, he allegedly violated the law by purchasing a firearm, and the government should have been allowed to proceed with its case against him.
>
> * * *
>
> It bears repeating that no conviction is void (or "null") until the judicial process has declared it so. There is no question that Mayfield was "convicted in the first place" and while it is true that his conviction was finally "rendered a nullity", it was not rendered so until after he allegedly obtained firearms.

6

*Id.* at 946. Because of the similarity between the statutory language of the firearms statutes and SORNA, and the similarity of the regulatory schemes, this rationale forecloses Mr. Still's argument that a later-voided conviction cannot serve as a predicate crime for SORNA. A defendant convicted of a sex offense must abide by SORNA's requirements until his conviction is vacated. *Roberson*, 752 F.3d at 519.

In reply, the defendant raises additional arguments. First, he argues that this court "should not allow the federal government to use a conviction obtained in derogation of Congressional intent and Due Process." [Doc. 24, p. 2]. He explains "Congress never gave Oklahoma the authority to prosecute or convict Mr. Still." [*Id.*, p. 3]. True as that is, *McGirt* does not mandate the result defendant seeks. For the reasons set forth above, Congress subjects those convicted of sex offenses to SORNA's requirements to protect the public from potentially dangerous sex offenders. *See United States v. Carel*, 668 F.3d 1211, 1222 (10th Cir. 2011) ("SORNA's declared purpose is to 'protect the public from sex offenders and offenders against children . . . [by] establish[ing] a comprehensive national system for the registration of those offenders." (alterations original)). With this purpose in mind, "there is no reason to think that Congress would willingly engender uncertainty concerning to whom SORNA's registration requirement applies by permitting those who fail to register to challenge their predicate convictions after the fact." *Roberson*, 752 F.3d at 525. The defendant offers no persuasive reason why the result should be different for convictions invalidated by *McGirt*.

Second, the defendant argues *Lewis* is distinguishable because he does not seek to collaterally attack his rape conviction as it has been vacated. [Doc. 24, p. 3]. But the relevant holding in *Lewis* is broad. The Supreme Court read the plain language of the firearms statute to impose a firearm disability on those convicted of felonies *until* their conviction is vacated. *Lewis*,

455 U.S. at 60-61. SORNA uses similar language, and the court is persuaded by the Supreme Court's reasoning in *Lewis* that Mr. Still was not relieved of his duty to register under SORNA until his conviction was vacated.

Third, the defendant points to cases suggesting a defendant can collaterally attack predicate convictions for jurisdictional defects. For example, defendant cites *United States v. Bigford*, 365 F.3d 859 (10th Cir. 2004). There, the Tenth Circuit looked to the Deadbeat Parents Punishment Act's statutory language, the legislative history of the Act, and the overall legislative scheme and determined that "the DPPA allows a defendant to challenge a default child support order on the basis that the state court that rendered the judgment lacked personal jurisdiction over the defendant." *Id.* at 872. In so holding, the Tenth Circuit distinguished *Mayfield*, 810 F.2d 943. The Tenth Circuit explained:

> In *United States v. Mayfield,* we held that a defendant charged with violating the federal felon-in-possession statute could not launch a collateral attack to the state conviction in his federal prosecution. The defendant in *Mayfield* alleged that he should have been tried as a juvenile under state statutory law and that the state court that convicted him therefore lacked jurisdiction over him. *Mayfield* is distinguishable from the instant case. *Mayfield,* relying on *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), held that the federal felon-in-possession statute effectively abrogated the general rule that judgments rendered without jurisdiction are void.

*Bigford,* 365 F.3d at 872 n. 8. Comparing SORNA's text and purpose to the statutes at issue in *Mayfield* and *Bigford*, the court concludes the rationale in *Mayfield* applies. Using nearly identical statutory language to the federal firearms statutes, SORNA also "effectively abrogate[s] the general rule that judgments rendered without jurisdiction are void." As the Tenth Circuit observed in *Mayfield*, "the principle that a void judgment is not legally binding simply means that it may not be enforced." *Mayfield*, 810 F.2d at 946. As in *Mayfield*, the court is not concerned with enforcing the defendant's predicate rape conviction. Rather, the issue is the role of that conviction

8

in evaluating whether Mr. Still was subject to SORNA's registration requirements during the charged timeframe. To paraphrase *Mayfield*, "[w]hile for most purposes the law ignores a void conviction, [SORNA] represents a considered and deliberate exception to this inasmuch as [it] require[s] that the conviction be declared void before [an individual convicted of a sex offense is no longer required to register]." *See id.*

The indictment charges that Mr. Still failed to comply with SORNA between October 3, 2020 and February 22, 2021, before the state court vacated his sex offense conviction for lack of jurisdiction. Because Mr. Still was still a "sex offender" for purposes of SORNA during the charged timeframe, the defendant's motion to dismiss is denied.

### III. CONCLUSION

WHEREFORE, the defendant's Motion to Dismiss the Indictment [Doc. 19] is denied.

IT IS SO ORDERED this 12th day of May, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE